UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PAGE 1 OF 13

ZEBELEDE GARRISON
   PLAINTIFFS

VS.

CAPTAIN J. POPE, et al.
   DEFENDANT'S

CASE NO: 519-CV-291-TKN-MJF

Received CC 9-28

## PLAINTIFF'S ANSWER'S TO DEFENDANT'S SUMMARY JUDGEMENT MOTION

PLAINTIFF ZEBELEDE GARRISON, IS PRO'SE AND PURSUANT TO FEDERAL RULE, CIVIL PROCEDURE 56, MOVE FOR THE ENTRY OF AN ORDER DENYING DEFENDANTS SUMMARY JUDGEMENT IN PRO'SE PLAINTIFF FAVOR IN THIS CAUSE. AS GROUNDS THEREFORE, PLAINTIFF ALLEGE THE FOLLOWING:

PLAINTIFF ATTACH DECLARATIONS OF WITNESS STATEMENT AS WELL AS HIS OWN DECLARATION WHICH IT'S ATTACH TO EXHIBIT (A) AND EXHIBIT (B) EXHIBIT (C)

### PRELIMINARY STATEMENT

PLAINTIFF IS AN INMATE IN THE CUSTODY OF THE FLORIDA DEPARTMENT OF CORRECTIONS, CURRENTLY HOUSED AT CHARLOTTE C-I, WHO INITIALLY FILED THIS CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C § 1983.

THIS IS PLAINTIFF THIRD AMENDED COMPLAINT [DOC 9], DUE TO COMPLICATION'S OF BEING PRO'SE. THERE IN ON JANUARY 15th 2019 WHILE PLAINTIFF WAS IN HIS CELL H-1110 WHILE OTHER INMATES WAS CAUSING A DISTURBANCE.

PLAINTIFF THEN HEARD A STAFF WHOM VOICE HE RECOGNIZED AS CAPTAIN POPE, THE STAFF SUPERVISOR, CLEARLY YELL OUT LOUD, AND THREATEN TO GAS ALL INMATE'S, BECAUSE SOME INMATE'S WAS BEING DISRUPTIVE, YELLING AND KICKING THE DOOR.

FILED USDC FLND PN
OCT 4 '21 PM 3:17 MB

DOOR.

NOT TO LONG AFTER, CHEMICAL AGENTS WAS ADMINISTERED INTO THE AIR, THE CHEMICAL'S MADE IT'S WAY THROUGH PLAINTIFF'S CELL MAKING IT HARD FOR PLAINTIFF TO BREATHE WHO IS ASTHMATIC.

PLAINTIFF CELLMATE R. OZUNA DC#T75621 WAS AWARE OF PLAINTIFF STRUGGLING TO BREATHE WHICH CAUSED HIM TO CALL DEFENDANT POPE AND ALERT HIM THAT PLAINTIFF CAN'T BREATHE, AS BOTH DEFENDANT'S MADE THERE WAY TO PLAINTIFF CELL BOTH DEFENDANT'S HAD KNOWLEDGE OF PLAINTIFF ASTHMATIC MEDICAL CONDITION AFTER SEEING PROOF OF INHALATION OF PLAINTIFF'S XOPENEX.

PLAINTIFF FURTHER ASSUMED HE WOULD BE PULLED FOR MEDICAL TREATMENT, BUT INSTEAD, WHEN THEY OPENED THE FOOD SLOT TO PLAINTIFF CELL DOOR, TO PLAINTIFF'S SURPRISE CHEMICAL AGENT'S WAS BEING ADMINISTERD INTO PLAINTIFF CELL.

PLAINTIFF WAS WRONGFULLY SPRAYED/ WITH CHEMICAL AGENT'S. DEFENDANT POPE KNEW IT WAS A SUBSTANTIAL RISK OF SERIOUS HARM TO PLAINTIFF, AND PLAINTIFF HAD NO WEAPON OR BEING VIOLENT AT ANYTIME IN HIS CELL TO CAUSING HARM OR A DISTURBANCE, AS A RESULT HAVE SUFFERED SEVERE RESPIRTORY, AND BLURRY VISION, BOTH INJURIES HAS BEEN A PERMANENT DAMAGE AND WILL FOREVER HAVE AN EFFECT ON PLAINTIFF'S LIFE, PLAINTIFF TAKE'S BREATHING TREATMENTS OR NEED'S THEM ON THE REGULAR AND PLAINTIFF NO

LONGER HAS A 20, 20 VISION NOW THAT
THE CHEMICAL AGENT'S CAUSE HIM TO DEPEND
ON EYE GLASSES WHEN NEVER USED BEFORE
UNTILL AFTER COMING INTO CONTACT WITH
CHEMICAL AGENTS.

## MEMORANDUM
## AND STATEMENT OF FACTS

### 1. SUMMARY JUDGEMENT STANDARD

SUMMARY JUDGEMENT IS TO BE GRANTED
IF THE RECORD BEFORE THE COURT SHOW'S "THAT
THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL
FACT AND THAT THE MOVANT IS ENTITLED TO A
JUDGEMENT AS A MATTER OF LAW." IF THE COURT'S
FIND THAT THERE IS A GENUINE ISSUE OF MATE-
RIAL FACT, THEN THERE WILL BE A TRIAL TO
DETERMINE THE FACTS.

A "MATERIAL" FACT IS ONE THAT MAY
EFFECT THE OUTCOME OF THE SUIT UNDER THE GOVERN-
NING LAW.... FACTUAL THAT ARE IRRELEVANT
OR UNNECESSARY WILL NOT BE COUNTED". A
GENUINE" ISSUE EXISTS "IF EVIDENCE IS SUCH
THAT A REASONABLE JURY COULD RETURN A
VERDICT FOR THE NONMOVING PARTY."

IN DETERMINING WHETHER THERE IS A
GENUINE ISSUE OF MATERIAL FACT, THE COURT
MUST VIEW ALL FACTS" AND MAKE ALL REASO-
NABLE INFERENCE'S IN FAVOR OF THE NON-
MOVING PARTY (IF DEFENDANT'S MOVE FOR
SUMMARY JUDGEMENT, THE COURT SHOULD ACCEPT
THE PLAINTIFF'S VERSION OF THE FACTS, AND
VILE VERSA.) SEE DOUSE V. BROWN, NO. 2:03-CV-
664-Ftm-99SPC, at* 6-7 (M.D. Fla. AUG. 31, 2006)("
THE COURT CANNOT STATE THAT PLAINTIFF CAN

PROVE NO SETS OF FACTS THAT WOULD ENTITLE HIM TO RELIEF AS AGAINST DEFENDANT NORDSTROM AT THIS STAGE OF THE PROCEEDINGS. HERE, ACCEPTING PLAINTIFF'S ALLEGATIONS IN THE COMPLAINT AS TRUE. PLAINTIFF HAS ADEQUATELY STATED A CONSTI-TUTIONAL VIOLATION ARISING OUT OF DEFENDANT NORDSTROM'S NON SPONTANEOUS USE OF CHEMICAL WEAPONS ON PLAINTIFF ON SEPTEMBER 8, 2003. SEE Ort v. White, 813 F.2d 314. SIMILARLY, BASED ON PRE-EXISTING LAW, THIS COURT CONCLUDES THAT DEFENDANT NORDSTROM HAD A FAIR AND CLEAR WARNING THAT HIS ALLEGED CONDUCT WAS UNLAWFUL.

THE COURT IS NOT SUPPOSED TO DECIDE DISPUTED FACTS OR ASSESS CREDIBILITY ON A SUMMARY JUDGEMENT MOTION. THUS, A COURT MAY NOT GRANT SUMMARY JUDGEMENT BECAUSE IT THINKS THE PLAINTIFF'S ASSERT-IONS ABOUT AN INCIDENT OR AN INJURY ARE INCONSISTENT WITH PRISON MEDICAL RECORDS.

COURTS HAVE HELD THAT A LITIGANT CANNOT CREATE A FACTUAL DISPUTE BY CONTRADICTING HIS OWN EARLIER SWORN STATEMENT, BUT THE COURTS HAVE CAUTIONED THAT THIS RULE MUST BE LIMITED TO CASES OF CLEAR CON-TRADICTION AND THOSE WHERE IT APPEARS THAT A SUMMARY JUDGEMENT AFFIDAVIT IS INTENDED TO CREATE A SHAM FACTUAL ISSUE. SEE Jones v. Jhonson, No. 4:18-cv-76-mw-GRJ, at* 4n3 (N.D.Fla. Feb 25, 2020) ("" A non-conclus-ory affidavit which complies with[Federal rule of Civil procedures 56] can create a genuine dispute concerning an issue of material fact, even if it is Self-serving and/or uncorrobated." United States

V. Stein, 881 F.3d 853, 858-59 (11th cir. 2018)(en banc).") SUMMARY JUDGEMENT MAY BE GRANTED ON THE WHOLE CASE OR ON PART OF THE CASE. IT MAY BE GRANTED ON SOME LEGAL CLAIMS AND NOT OTHERS, FOR OR AGAINST SOME PARTIES BUT NOT OTHERS: OR ON LIABILITY BUT NOT ON DAMAGES- IF ONE PARTY MOVES FOR SUMMARY JUDGEMENT. THE COURT MAY GRANT SUMMARY JUDGEMENT FOR THE OTHER PARTY IF THE RECORD BEFORE IT SO JUSTIFIES.

THE COURT I SUPPOSED TO DECIDE A SUMMARY JUDGEMENT MOTION BASED ON FACTS THAT ARE PROPERLY PUT BEFORE IT. THIS USUALLY MEANS FACTS STATED ON PERSONAL KNOWLEDGE IN SWORN AFFIDAVITS OR DECLARATIONS UNDER PENALTY OF PERJURY. SEE ROBERTS V. STATE FARM FIRE & CAS. CO., CIVIL ACTION 7:11-CV-86(HL), at *8 n.5 (M.D. Ga. Dec. 14, 2011) ("A pro-se PLAINTIFF'S VERIFIED COMPLAINT IS THE EQUIVALENT OF AN AFFIDAVIT AND IS CONSIDERED COMPETENT EVIDENCE FOR SUMMARY JUDGE-MENT PURPOSES WHERE THE COMPLAINT ASSERTS NON-CONCLUSORY ALLEGATIONS BASED ON THE PLAINTIFF'S PERSONAL KNOWLEDGE. SEE Sammons v. Taylor, 967 F.2d 1533, 1544 n.5 (11th cir. 1992).")

**II.** CAPTAIN POPE, AND SERGEANT HADDOCK VIOLATED THE EIGHTH AMENDMENT BY USING EXCESSIVE USE OF FORCE ON PLAINTIFF AND CHEMICAL AGENTS ON PLAINTIFF WHO HAVE A SERIOUS ASTHMATIC CONDITION THAT PREVENTED HIM FROM BEING EXPOSED TO THE USE OF CHEMICAL AGENTS.

PRISON OFFICIAL'S VIOLATE ~~THE~~ ~~[redacted]~~ THE EIGHTH AMENDMENT WHEN THEY ACT WITH DELIBERATE INDIFFERENCE'S TO A PRISON CONDITION THAT EXPOSES A PRISONER TO AN UNREASONABLE RISK OF SERIOUS HARM. Helling v. mckinney 509 U.S. 25, 33(1993).

Burley v. Upton, 257 F. App'x 207, 210(11th Cir. 2007)("a patient with asthma who has continual breathing problems with intermittent wheezing, coughing, and hyperventilating had a "serious medical need." Adams v. Poag, 61 F.3d 1537, 1539-41, 1543(11th Cir. 1995).")

PRISON OFFICIALS ACT WITH DELIBERATE INDIFFERENCE'S WHEN THEY IGNORE AN OBVIOUS AND SERIOUS DANGER. FARMER V. BRENNAN, 511 U.S. 825, 835 (1994). SEE Flanning v. Baker, No. 5:12CV337-MW-CJK, at *13(N.D. Fla. Aug. 16, 2016)("'[I]t IS A VIOLATION OF THE EIGHTH AMENDMENT FOR PRISON OFFICIALS TO USE MACE OR OTHER CHEMICAL AGENTS IN QUANTITIES GREATER THAN NECESSARY OR FOR THE SOLE PURPOSE OF PUNISHMENT OR THE INFLICTION OF PAIN."); cf. Vinyard v. Wilson, 311 F.3d 1340, 1348(11th Cir. 2002)("Courts have consistently concluded that using pepper spray is excessive force in cases where the crime is a minor infraction, the arrestee surrenders, is secured, and is not acting violently, and there is no threat to the officers or anyone else.") Defendant, therefore, is not entitled to summary judgement on Plaintiffs Eighth Amendment claim concerning defendant's use of chemical agents.")

## III.     DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY AND SHOULD BE HELD ACCOUNTABLE FOR FULL RESPONSIBILITY FOR NOT ACTING WITHIN HIS DISCRE-TIONARY AUTHORITY, AS BOTH DEFENDANT'S CAPTAIN J. POPE AND SGT HADDOCK WAS AWARE AT ALL TIME'S THAT PLAINTIFF WAS A SUBSTANTIAL RISK TO CHEMICAL AGENT'S.

DEFENDANT'S DID NOT FOLLOW PROPER PROTOCALL TO F.D.C. RULES WHEN IN THE ACT OF USING USE OF FORCE CHAPTER 33-602.210 USE OF FORCE, AS DEFENDANT'S CLAIM THAT PLAINTIFF WAS YELLING AND KICKING HIS CELL DOOR, CAUSING A DISTURBANCE IN THE WING WHEN INCIDENT'S OF THAT NATURE OCCUR, INMATE'S THAT REFUSE TO CEASE HIS OR HER ACTIONS, WILL BE PLACE ON VIDEO WHICH IS A SMALL PORTABLE CAMERA AND AUDIO RECORDING THAT SPECIFIC INMATE AND HIS PERSON/ BODY, SHOWING PROOF OF WHAT THE DEFENDANT'S IS SAYING AS WELL AS THE SMALL CAMERA IS ACTIVATED THE CAPTAIN OR L.T OF THAT SHIFT WILL GIVE THAT INMATE A FINAL VERBAL WARNING, WHICH SHOWING THE USE OF FORCE BEING IN FORCE) IF INMATE DOE'S NOT COMPLIE. THAT WAS NOT THE CASE IN THIS INCIDENT, AND

BOTH DEFENDANTS FAILED TO DO THEIR DUTY AND FOLLOW PROPER PROTOCALL AS WELL AS VERIFYING WITH MEDICAL NURSE'S AND GETTING A PROFFESSIONAL FINAL DECISION FROM MEDICAL TO MAKE SURE THE PLAINTIFF WAS NOT A SUBSTANTIAL RISK IN BEING HARM AS WELL TO BE CERTAINT OF ANY : MEDICAL CONDITIONS, AS IN BOTH DEFENDANTS DECLARATION UNDER SWORN OATH, THEY ADMIT OF BEING COMPETENT, AS STATED ANOTHER WAY BY THE SUPREME COURT, IMUNITY PROTECT'S ALL BUT THE PLAINLY INCOMPETENT OR THOSE KNOWINGLY VIOLATE THE LAW--- SEE REED V. WHITE , CASE NO 5:18-CV-1733-LCB-HNJ, at# 2 (N.D. ALa. Sep 2, 2020)(" Where THE CONDUCT ALLEGED IS EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMEN-DMENT, HOWEVER, THE ELEVENTH CIRCUIT HAS HELD THAT QUALIFIED IMMUNITY IS UNAVAILABLE . SKRTICH V. THORNTON, 280 F.3d 1295 (11th Cir. 2002).")

JONES V. JHONSON, NO. 4:18-CV-76-MW-GRJ, AT# 5N.5 (N.D. FLA. FEB. 25, 2020) (Plaintiff SIGNED UNDER PENALTY OF PERJURY THE SECOND AMENDED COMPLAINT AND HIS COMPLAINT AND HIS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT. ECF NO. 15 AT 12; ECF NO. 104 AT 9 . THESE FILLING'S, THERE-FORE , ARE TREATED BY THE COURT LIKE SWORN AFFIDAVITS. SEARS V. ROBERTS, 922 F.3d 1199, 1206 (11th Cir. 2019)(Treating a plaintiff's

"Statements IN HIS VERIFIED COMPLAINT"
AND "SWORN RESPONSE TO THE OFFICER'S
MOTION FOR SUMMARY JUDGEMENT]" AS
TESTIMONY); Sammons v. Taylor, 967 F.2d
1533, 1545 n.5 (11th Cir. 1992) ("[T]his court
has recognized that facts alleged in an
INMATE'S SWORN PLEADING ARE SUFFICIENT
[TO DEFEAT A PROPERLY SUPPORTED MOTION
FOR SUMMARY JUDGEMENT] AND THAT
A SEPARATE AFFIDAVIT IS NOT NECESSARY".).")
    FRAZIER V. BUSS, NO. 4:11CV98-SPM/WCS, AT*
1(N.D. FLA. JULY 15, 2011) ("PLAINTIFF'S CLAIM'S
CANNOT GO FORWARD UNDER HECK V. HUMPHREY,
512 U.S. 477(1994) AND EDWARDS V. BALISOK,
504 U.S. 641(1997), BECAUSE A JUDGEMENT IN
PLAINTIFF'S FAVOR WOULD NECESSARILY IMPLY
THE INVALIDITY OF A DISCIPLINARY
ACTION THAT DEPRIVED HIM OF GOOD-
TIME CREDIT'S. RICHARDS V. DICKENS,
411 FED. APPX. 276 (11th Cir. 2011).). How-
EVER THIS CASE IS NOT BARRED BECAUSE
IT DID NOT INVOLVE A LOSS OF GAIN
TIME. MUHAMMAD V. CLOSE, 540 U.S.
749, 754-55(2004) PLAINTIFF'S CLAIM WAS
NOT BARRED BECAUSE IT DID NOT INVOLVE
THE ELIMINATION OF GOOD-TIME CREDITS".)
    Flanning v. Baker, NO, 5:12 CV 337- MW-CJK,
AT* 13 (N.D. FLA AUG. 16, 2016) ("'([I]T IS
A VIOLATION OF THE EIGHTH AMENDMENT FOR PRISON
OFFICIALS TO USE MACE OR OTHER CHEMICAL AGENTS
IN QUANTITIES GREATER THAN NECESSARY OR FOR THE
SOLE PURPOSE OF PUNISHMENT OR THE INFLICTION
OF PAIN".). CF. Vinyard v. wilson, 311 F.3d 1340,
1348 (11th Cir. 2002) ("COURTS HAVE CONSISTENTLY

CONCLUDED THAT USING PEPPER SPRAY IS EXCESSIVE FORCE IN CASE'S WHERE THE CRIME IS ~~A MINOR~~ INFRACTION, THE ARRESTEE SURENDER'S, IS SECURED, AND IS NOT ACTING VIOLENTLY, AND THERE IS NO THREAT TO THE OFFICERS OR ANYONE ELSE."). DEFENDANT'S THEREFORE, IS NOT ENTITLED TO SUMMARY JUDGEMENT ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM CONCERNINING DEFENDANT'S USE OF CHEMICAL AGENTS.")

## CONCLUSION

FOR ALL THE FOREGOING REASONS, PLAINTIFF SUBMIT THAT SUMMARY JUDGEMENT SHOULD BE DENIED ON THE DEFENDANT'S BE'HALF AND ENTERED IN PLAINTIFF'S FAVOR, WITH PREJUDICE.

RESPECTFULLY SUBMITTED,
/S/ Zebelede garrison
ZEBELEDE GARRISON B12696
CHARLOTTE CORRECTIONAL INST
33123 OIL WELL ROAD
PUNTA GORDA FL 33955

# STATEMENT
## OF   FACTS

1.)   TRUE AS IS, I ZEBELEDE GARRISON WAS AN INMATE AT HOLMES C-I 3142 THOMAS DRIVE BONIFAY FL 32425 IN H-DORM CELL (H-1110).

2.)   ON JANUARY 15 2019 AT APPROXIMATELY 10:40 A:M I MR. GARRISON WAS IN MY CELL. OTHER INMATES WAS BEING DISRUPTIVE YELLING AND KICKING.

3.)   I WENT TO MY CELL DOOR TO SEE WHAT WAS GOING ON, I THEN HEARD A STAFF YELL STATING.

4.)   IF YALL WANT TO YELL AND KICK THE DOOR I WILL GAS ALL YALL. I KNOW BY THE VOICE IT WAS THE SUPERVISOR CAPTAIN POPE I WAS STILL STANDING AT MY CELL DOOR TELLING MY CELLMATE THEY GOING TO SPRAY SOMEONE ON CAMERA.

5.)   CHEMICAL AGENTS WAS USED ON AN INMATE.

6.)   I ZEBELEDE GARRISON IS A INMATE OF ASTHMA, CALL RELIEF SOUGHT.

7.)   THE CHEMICALS WAS COMING THREW MY ROOM MAKING IT HARD

FOR ME TO BREATHE, I WAS STRUGGLING FOR AIR TRYING TO GET XOPENEX INHALATION.

8.) MY BUNKY HELP LAY ME DOWN ON MY BED TO CALL FOR MEDICAL HELP AS HE CALLED CAPTAIN POPE AND TOLD HIM MY CELLMATE GARRISON CANT BREATHE GOOD. HE HAVE ASTHMA SIR. I HEARD CAPTAIN POPE SAY WE WILL BE THERE, WHAT ROOM THE CAPTAIN SAID.

9.) MY BUNKY STATED H-1110 SIR. MY BUNKY HELP ME UP AND WHEN I SAW SERGEANT HADDOCK AND CAPTAIN POPE. I "SHOWED" CAPTAIN POPE MY PROOF OF INHALATION AND TOLD HIM YOU CAN CHECK MY "MEDICAL FILE" I GOT ASTHMA.

10.) AT 10:46 A.M WHEN I HEARD SERGEANT HADDOCK SAID TIME CAPTAIN, CAPTAIN POPE TOLD ME AND MY BUNKY TO BACK UP.

11.) I WAS THINKING THAT THEY WAS GOING TO PULL ME FOR MEDICAL TREATMENT WHEN THEY OPEN THE FOOD SLOT TO THE FLAP OF MY CELL DOOR. TO MY SURPRISE CHEMICAL AGENTS WAS BEING ADMINISTERED INTO MY CELL I WAS SPRAYED.

PAGE 13 OF 13

12.)     I HAD A MEDICAL RISK FACTOR FOR CHEMICAL AGENT'S I WAS NOT KICKING OR HAD NO WEAPON IN MY CELL TO CAUSING HARM.

13.)     CAPTAIN POPE KNOW THAT THERE WAS A SUB-STANTIAL RISK I WOULD BE SERIOUSLY HARM.

14.)     PLAINTIFF EXHAUSTED ADMINISTRATIVE REMEDIES THROUGH THE THREE STEP GRIEVANCE PROCESS.

15.)     AS A DIRECT RESULT OF PLAINTIFF BEING SPRAYED DIRECTLY WITH CHEMICAL AGENTS, PLAINTIFF HAD SEVERE RESPRITORY PROBLEMS AND SKIN BURNED FOR WEEKS WITH BLURRY VISION (PLAINTIFF SUFFER'S INJURIES.)

AS I WROTE IN MY COMP-LAINT UPON ADMISSION TO HOLMES C-I, AND I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATE-MENTS OF FACT INCLUDING ALL CONT-INUATION PAGES, ARE TRUE AND CORRECT.

/s/

SIGNATURE.

# CERTIFICATE
## OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PLACED IN THE HANDS OF D.O.C LEGAL MAIL OFFICER AND FURNISHED BY UNITED STATES MAIL THAT WAS HAND DELIVERED FROM PLAINTIFF POSESSION, TO THE U.S DISTRICT COURT 1 NORT PALAFOX STREET PENSACOLA, FL. 32502.

PLAINTIFF FOLLOWED THIS HONORABLE JUDGE ORDER'S BEST AS POSSIBLE NEVER EXCEEDING OVER 8,000 WORDS INSIDE PROSE PLAINTIFF MEMORANDUM WHICH PLAINTIFF COUNTED 1,464 WORDS ON THIS DAY 26th OF SEPTEMBER, 2021.

/S/

#B12696   ZEBELENE GARRESON
CHARLOTTE C-I
33123 OILWELL ROAD
PUNTA GORDA FL, 33955

# EXHIBIT

# A

PLAINTIFF
DECLARATION
   OF SENDIND
   LEGIAL MAIL OUT
ON TIME OF SUMMARY
JUDGE, DUE LINE

UNITED STATES DISTRICT COURT   1 OF 2
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ZEBELEDE GARRISON
    PLAINTIFF

                              CASE NO: 519-CV-291-TKW-MJF
VS.

CAPTAIN J POPE, et al,
    DEFENDANTS

## DECLARATION OF
## ZEBELEDE GARRISON

COME NOW, DECLARANT, MR. GARRISON,
WHO HEREBY DECLARES THE FOLLOWING:
1.) THOUGHOUT THE MONTH OF JULY AND
EARLY PART OF AUGUST 2021, I RESEARCED
AND WORKED DILIGENTLY IN ORDER TO
HAVE MY RESPONSE IN OPPOSITION TO
THE DEFENDANT'S MOTION FOR SUMMARY
JUDGEMENT FILED WITH THE CLERK OF
THIS       COURT BY THE DEADLINE ISSUED
BY THIS COURT, AUGUST 13, 2021.
2.) MY MOTION OPPOSING THE DEFENDANTS
MOTION FOR SUMMARY JUDGEMENT WAS
COMPLETED AND READY FOR MAILING ON
AUGUST 13, 2021.
3.) ON AUGUST 13, 2021, THERE WAS NO
PRISON OFFICIALS AT CHARLOTTE C-I THAT
MADE NO ROUNDS IN E-DURMITORY WHERE
IM HOUSEN AT, THAT COLLECTED ANY OUT
GOING LEGAL MAIL. I MADE MULTIPLE
COMPLAINTS TO CORRECTIONAL OFFICER'S ABOUT
MY LEGAL MAIL BEING SENT OUT BUT TO NO
AVAIL.
4.) OUT OF FEAR OF LOSING MY CASE DUE
TO A LATE RESPONSE TO THE DEFENDANTS

2 OF 2

MOTION, I WAS LEFT WITH NO CHOICE
BUT TO MAIL OUT MY MOTION THROUGH
REGULAR MAIL-INSTEAD OF LEGAL MAIL.
5.) IT WASN'T UNTIL SEPTEMBER 13,
2021 THAT I RECIEVED A LETTER FROM
ATTORNEY JAMES V. COOK AND LEARNED
THAT MY MOTION WAS NEVER RECIEVED
BY THE COURTS AFTER I WROTE A
LETTER TELLING HIM I SENT OUT
MY SUMMARY JUDGEMENT RESPONSE.
6.) I EVEN HAD WITNESS STATEMENT'S
THAT WAS FROM MY WRITTEN DEPOSITION
QUESTION'S [DOC 55]. THAT WAS SO
ORDERED TBY THE JUDGE ON THE 5th DAY
OF APRIL THAT MICHAEL GORDON, ASSISTANT
GENERAL COUNSEL DELIVERED TO ME
THREW MAIL, I NO LONGER HAVE BECAUSE
I ATTACH MY ONLY COPIE'S I HAD TO
MY SUMMARY JUDGEMENT RESPONSE.
7.) BEING THAT I DID EVERYTHING
IN MY POWER TO MAKE MY, DEADLINE
I MOVE THIS COURT TO PLEASE ACCEPT
MY RESPONSE AS TIMELY.
8.) I ALSO FILED GRIEVANCES CONCERNING
THIS ISSUE.

    PURSUANT TO 28 U.S.C 1746,
I DECLARE UNDER THE PENALTY OF PERJURY
THAT THE FOLLOWING ABOVE IS TRUE
AND CORRECT.
    9-26-21
    DATE                        /S/
                          ZEBELEDE GARRISON

EXHIBIT

B

1. WHAT DO YOU REMEMBER ON THE DAY OF 1-15-19 AT HOLMES C.I.?
2. WAS THE REASON OF CHEMCIAL AGENTS USED ON PLAINTIFF WAS BECAUSE HE WAS BEING DISOREDERLY OR HAVING A SERIOUS ASTHMA ATTACK AT THE TIME HIM AND HIS BUNKY R. OZUNA WAS SPRAYED?
3. HOW MANY OTHER INMATES WAS SPRAYED WITH CHEMICAL AGENTS THAT DAY, AND WHY?
4. DID YOU AT ANYTIME HEAR PLAINTIFF OR HIS BUNKY R. OZUNA TRY TO INFORM THE OFFICERS AND GET HELP THAT PLAINTIFF WAS STRUGGLING TO BREATHE, BEFORE CHEMICAL AGENTS WAS ADMINISTERED INTO PLAINTIFF'S CELL H-1110?
5. WAS ANY PROPER PROCEDURES OR PROTOCL FOLLOWED ON 1-15-19 BY SERGEANT POPE OR HADDOCK WHEN CHEMCIAL AGENTS WAS USED? IF NO, WHY? PLEASE EXPLAIN
6. AT ANYTIME WHEN CHEMICAL AGENTS BEING USED DID OFFICERS HAVE THE SMALL PORTIBLE CAMERA ON AND FACING INSIDE OF ANY OF THE CELLS WHERE CHEMICAL AGENTS WAS BEING ADMINISTERED INTO SHOWING THE PLAINTIFF'S AND OTHERS BODY FROM HEAD TO TOE?
7. DO YOU THINK SERGEANT J. POPE AND HADDOCK KNEW IT WAS SUBSTANTIAL RISK OF USING CHEMICAL AGENTS ON PLAINTIFF ZEBELEDE GARRISON PUTTING HIS LIFE IN DANGER AFTER THE FACT THEY KNEW HE WAS AN ASTHMATIC INMATE? PLEASE EXPLAIN.
8. DID PLAINTIFF RECEIVE IMMEDIATE MEDICAL ATTENTION AFTER HE WAS SPRAYED? HOW LONG WAS PLAINTIFF LEFT IN THE CELL WITH CHEMICAL AGENT TO SUFFER BEFORE HE RECEIVE ANY MEIDCAL HELP? IF YOU CAN REMEMBER.
9. CAN YOU BRIEFLY EXPLAIN WHAT TRANSPIRED THE DAY OF 1-15-19?

YOU MAY ANSWER QUESTIONS UNDERNEATH THIS LINE AND EXPLAIN EVERYTHING WHAT YOU CAN REMEMBER THAT WILL SUPPORT PLAINTIFF CLAIMS. ADD ADDITIONAL PAPER IF NEEDED.

1) I was letting them know I couldn't breath I was standing by the door after that the officer kicked the door saying that I was kicking the door

2) He was just trying to talk to the officers and let them know that his asthma would flare up and they werent trying to hear it.

3) ten to fifteen inmate were sprayed because an inmate had smoked and passed out other inmates tried getting the officers attention and the officers just came in and sprayed

4) Yes

5) No they just came in and started putting chains on the doors

6) No

7) we tried to tell them to pull his file befor spraying

8) 10 to 15 mins

9) an inmate had passed out due to smoking the other inmates were on the door trying to get help for the inmate that had passed out officers were mad all the inmates were on the door so they just came in and started spraying after being made aware there was an asmatic inmate in the dormeo. my bunkie passed out it took about 15 mins for medical to come help.

S. Alday   Savanah alday            Ryan [#75621]

```
                          FLORIDA DEPARTMENT OF CORRECTIONS          01/16/2019
ISSO150 (01)              CHARGING DISCIPLINARY REPORT                        PAGE:
                               LOG # 107-19C117
-------------------------------------------------------------------------------
DC#: B12696    INMATE NAME: GARRISON, ZEBELEDE            INFRACTION
VIOLATION CODE:  0022    TITLE: INCITING RIOTS            DATE: 01/15/19
FACILITY CODE:  107     NAME:  HOLMES C.I.               TIME: 10:46
-------------------------------------------------------------------------------
```

I.   STATEMENT OF FACTS
      INMATE GARRISON, ZEBELEDE DC#B12696 IS IN DIRECT VIOLATION
      OF CHAPTER 33-601.314 F.A.C. RULES OF PROHIBITED CONDUCT 2-2
      INCITING OR ATTEMPTING TO INCITE RIOTS, STRIKES, MUTINOUS
      ACTS, OR DISTURBANCES - CONVEYING ANY INFLAMMATORY, RIOTCUS,
      OR MUTINOUS COMMUNICATION BY WORD OF MOUTH, IN WRITING OF BY
      SIGN, SYMBOL, OR GESTURE. ON JANUARY 15, 2019, I WAS
      ASSIGNED AS B-SHIFT SUPERVISOR. AT APPROXIMATELY 10:46 I WAS
      IN H DORMITORY WING ONE DUE TO A DISTURBANCE OF MULTIPLE
      INMATES KICKING THEIR CELL DOORS, YELLING AND SCREAMING;
      DISRUPTING THE NORMAL OPERATIONS OF THE CONFINEMENT UNIT.
      UPON THE ARRIVAL OF EXTRA SECURITY STAFF; ALL INMATES IN H1
      WERE GIVEN A FINAL ORDER TO CEASE THEIR DISRUPTIVE BEHAVIOR,
      TO STOP KICKING ON CELL DOORS, TO STOP YELLING AND
      SCREAMING, AND TO GET ON THEIR ASSIGNED BUNKS. AT WHICH TIME
      INMATE GARRISON REFUSED TO COMPLY WITH THE ORDERS GIVEN AND
      CONTINUED TO KICK HIS CELL DOOR H1-110, AND YELLING AND
      SCREAMING IN THE WING, ENCOURAGING THE OTHER INMATES TO
      PARTICIPATE. DUE TO INMATE GARRISON REFUSING TO COMPLY WITH
      THE ORDERS GIVEN TO HIM, CHEMICAL AGENTS HAD TO BE
      ADMINISTERED TO GAIN COMPLIANCE. INMATE GARRISON WILL REMAIN
      IN HIS CURRENT STATUS PENDING THE DISPOSITION OF THIS
      REPORT. I AUTHORIZED THE WRITING OF THIS REPORT.


      REPORT WRITTEN: 01/15/19, AT 14:20      BY: PJK08 - POPE, J.K.
-------------------------------------------------------------------------------

II.   INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 1 / 17 / 19, AT 10 : 28

          NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
          EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
          NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
          33-601, FLORIDA ADMINISTRATIVE CODE.

          DELIVERED BY :
-------------------------------------------------------------------------------

NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:
-------------------------------------------------------------------------------

INVESTIGATION:
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED

```
                      FLORIDA DEPARTMENT OF CORRECTIONS        01/16/2019
ISSO150 (01)             CHARGING DISCIPLINARY REPORT
                            LOG # 107-190117
```

---

```
DC#: B12696   INMATE NAME: GARRISON, ZEBELEDE          INFRACTION
VIOLATION CODE:  0022   TITLE: INCITING RIOTS           DATE: 01/15/19
FACILITY CODE:  107     NAME:  HOLMES C.I.              TIME: 10:46
```

---

OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.

---

DELIVERY OF CHARGES:
A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THE WAITING
PERIOD. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
YOU SIGN THE WAIVER.

---

DISCIPLINARY HEARING:
THE DECISION WILL BE MADE IN ADVANCE WHETHER THE HEARING WILL BE CONDUCTED
BY THE DISCIPLINARY TEAM OR THE HEARING OFFICER. YOU MAY REQUEST A HEARING
BY THE FULL DISCIPLINARY TEAM RATHER THAN THE HEARING OFFICER. YOU WILL
APPEAR IN PERSON BEFORE THE DISCIPLINARY TEAM/HEARING OFFICER UNLESS YOU
WAIVE THIS APPEARANCE BY SIGNING A WAIVER FORM. YOU WILL BE ADVISED OF
THE CHARGES PLACED AGAINST YOU AND THE RANGE OF PENALTY IF FOUND GUILTY.
YOU MAY REQUEST STAFF ASSISTANCE. THE CHAIRPERSON/HEARING OFFICER WILL READ
THE STATEMENT AND ASK YOU FOR YOUR PLEA. A GUILTY PLEA REQUIRES NO FURTHER
STATEMENT; HOWEVER, YOU MAY MAKE A STATEMENT FOR THE TEAM/HEARING OFFICER
TO CONSIDER. A NO CONTEST PLEA WILL BE TREATED AS A GUILTY PLEA. A REFUSAL
TO ENTER A PLEA WILL BE TREATED AS A NOT GUILTY PLEA. IF YOU ENTER A NOT
GUILTY PLEA, YOU WILL BE ALLOWED TO MAKE A STATEMENT ON YOUR OWN BEHALF,
PRESENT EVIDENCE AND REQUEST STAFF OR INMATE WITNESSES AS DEEMED APPROPRIATE
BY THE TEAM/HEARING OFFICER. AFTER THE TEAM/HEARING OFFICER HAS MADE A
DECISION, YOU WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE DECISION AND
THE EVIDENCE RELIED UPON IN MAKING THAT DECISION. IF YOU ARE FOUND GUILTY, YOU
WILL BE ADVISED VERBALLY AND IN WRITING AS TO THE RECOMMENDED PENALTY.

---

APPEAL:
IF YOU ARE FOUND GUILTY, YOU MAY APPEAL THIS DECISION BY FILING A
FORMAL GRIEVANCE WITH THE WARDEN OF YOUR FACILITY WITHIN 15 DAYS OF
THE RECEIPT OF WRITTEN NOTICE OF THE TEAM/HEARING OFFICERS DECISION.
FOR INFORMATION REGARDING THE RULES ON DISCIPLINE, REFER TO: 33-601, F. A. C.

# EXHIBIT

# B

PLAINTIFF
DECLARATION
OF   STATEMENT OF FACT

UNITED STATES DISTRICT COURT          1 OF 4
NORTHERN DISTRICT OF FLORIDA
PENSACOLA   DIVISION

ZEBELEDE GARRISON
     PLAINTIFF

VS.                                    CASE NO: 519-CV-291-TKW-MJF

CAPTAIN POPE et,al
     DEFENDANTS

DECLARATION OF
ZEBELEDE GARRISON
STATEMENT OF FACTS.

COMES NOW, DECLARANT, MR GARRISON WHO
HERBBY DECLARES THE FOLLOWING:
 1.) I WAS AN INMATE AT HOLMES
CORRECTIONAL INST 3142 THOMAS DRIVE BONIFAY
FL, 32425 IN H-DORM CELL(H-1110), WHEN
CHEMICAL AGENTS WAS USED ON ME ON
JANUARY 15th 2019, WHEN IT WAS OTHER
INMATES' CAUSING A DISTURBANCE-
2.) IT WAS APPROXIMATELY AROUND 10:46 AM
WHEN THIS INCIDENT FIRST TOOK PLACE,
I WAS IN MY CELL WHEN OTHER'S WAS KICKING
AND YELLING, I WENT TO MY CELL DOOR
TO SEE WHAT WAS GOING ON, I, THEN
HEARD A STAFF YELL STATING YALL WANT
TO YELL AND KICK THE DOOR I WILL GAS
ALL OF YALL. I KNOW BY THE VOICE IT
WAS CAPTAIN POPE.
3.) CHEMICAL AGENT'S WAS USE ON A
INMATE THAT WAS IN CELL H-1101, I
KNOW THAT BECAUSE I WAS STANDING
ON MY DOOR WHEN I TOLD MY BUNKY THEY
ABOUT TO SPRAY SOMEONE ON CAMERA, WHICH
I AUTOMATICLLY ASSUME IT WOULD BE

PROTOCOL TO FOLLOW NORMAL PROCEDURES WHEN USING USE OF FORCE BUT CAPTAIN I POPE DID NOT FOLLOW PROPER PROCEDURES OF F.D.O.C RULES.

4.) I ZEBELENE GARRISON BEEN DIAGNOSE WITH ASTHMA SINCE I WAS BORN AND STILL HAVE COMPLICATIONS WITH MY ASTHMA TO THIS DAY THAT CAUSES ME TO USE TWO DIFFERENT INHALATION PUMPS ONE IS XOPENEX THE OTHER IS ALVESCO IS WHAT I USE ON A DAILY BASIS, MY XOPENEX IS FOR EMERGENCIES.

5.) THE CHEMICAL AGENTS THAT WAS USED ON THAT FIRST INMATE, MADE IT'S WAY THREW MY ROOM, INSTANTLY MAKING IT HARD FOR ME TO BREATHE, I WAS STRUGGLING FOR AIR TRYING TO GET XOPENEX INHALATIONS.

6.) MY BUNKY HELP LAY ME DOWN ON MY BED TO CALL FOR MEDICAL HELP AS HE CALL CAPTAIN POPE NAME AND TOLD HIM MY CELLMATE GARRISON CANT BREATHE GOOD, HE HAVE ASTHMA SIR. I HEARD CAPTAIN POPE SAY WE WILL BE THERE, WHAT ROOM THE CAPTAIN SAID.

7.) MY BUNKY TOLD THEM OUR ROOM AS HE STATED H-1110 SIR MY BUNKY HELP ME UP AND WHEN I SAW SERGEANT HADDOCK AND CAPTAIN POPE I SHOWED CAPTAIN MY PROOF OF INHALATION AND TOLD HIM TO CHECK MY MEDICAL FILE BEST AS I COULD AND TOLD HIM I GOT ASTHMA, SO HE WOULDN'T THINK I WAS PLAYING ANY GAMES. GETTING HIM TO KNOW THAT

THIS IS A VERY SERIOUS MATTER, BY
SHOWING MY INHALATION PUMP.
8.) AT 10:46 AM WHEN I HEARD SERGEANT
HADDOCK SAID TIME CAPTAIN, CAPTAIN
POPE TOLD ME AND MY BUNKY TO BACK
UP WHICH I WAS THINKING THAT THEY WAS
GOING TO PULL ME OUT FOR MEDICAL TREATMENT
WHEN THEY OPEN THE FOOD SLOT TO THE FLAP
OF MY CELL DOOR.
9.) TO MY SURPRISE CHEMICAL AGENT'S
WAS BEING ADMINISTERED INTO MY
CELL I WAS SPRAYED, AND I NEVER ONCE
TRIED OR HAD A CHANCE TO COVER MY
BODY WITH THE SHEETS OR ANY OF THAT,
FOR THE REASON I WAS NOT PREPARED OR
AWARE CHEMICAL AGENTS WAS GOING
TO BE ADMINISTERED INTO MY CELL.
10.) I WAS NOT WARNED THAT I WAS
GOING TO BE SPRAYED, AND I WAS VIOLATED
ALL AROUND IT WAS NO USE OF FORCE
VIDEO CAMERA ON ME AND THE WING
WAS IN, WHICH WAS H-WING 1, DID NOT HAVE
AN AUDIO SYSTEM THAT WAS OR SHOULD
HAVE BEEN IN THAT WING BECAUSE I WAS
IN CONFINEMENT.
11.) I HAD A MEDICAL RISK FACTOR FOR
CHEMICAL AGENT'S, I WAS NOT KICKING
OR HAD NO WEAPON IN MY CELL TO CAUSING
ANY HARM. I WAS LEFT IN MY CELL WITH
CHEMICAL AGENTS ON ME FOR 20 TO 25
MINUTES SUFFERING BECAUSE CAPTAIN
POPE WAS ALREADY MAD AS HE WAS TRUE
TO HIS WORD HE TOOK HIS ANGER OUT

ON ANYBODY OR WHOEVER WAS AN INMATE CONFINE THAT DAY AS I REMEMBER 10 INMATES WAS SPRAYED AND ALL WAS NOT CAUSING A DISTURBANCE. CAPTAIN POPE KNOW IT WAS A SUBSTANTIAL RISK I WOULD SERIOUSLY BE HARM, IF EXPOSED TO CHEMICAL AGENTS.

PURSUANT TO 28 U.S.C 1746, I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOLLOWING/ ABOVE IS TRUE AND CORRECT.

DATE
9-26-21

/S/ Zebelede Garrison
ZEBELEDE GARRISON
CHARLOTTE C.I
33123 OILWELL ROAD
PUNTA GORDA, FL 33955

# EXHIBIT

# C

## DECLARATION OF WITNESS STATEMENT

United States District Court                    1-2
Northern District of florida
Pensacola Divison

HANSEL MERCEDES CASTRO    Case: 519·cv·291·tkw·mjf
witness
name 3 DC# X43311

Declaration
of HANSEL MERCEDES CASTRO

I hereby come now Declarant mercedes who Hereby
Declares the Following:

1) I am now currently at charlotte CI closeman. I was a
inmate at holmes CI on January 15th 2019 In confindment
Houseing as well in H1-106 wing 1 when there were
inmates kicking on the door and yelling.

2) I was also sprayed with chemical agents along with
Plaintiff Garison who I remember on that day Even
though we was in seperate cells But I almost died
that day so I will never forget How captain pope walk
into the wing angry as he threaten all Inmates, even the
ones who were not causeing a Disturbance

3) Garrison and his cellmate was not one of the
inmates causing a disturbance

4) what caused Garrison to get chemical agents
administrated into his cell was Because captain pope
was already mad when Garrison cellmate was calling
out "my ~~room~~ "Bunky cant breath he has asthma,"

5) when Garrison Bunky kept saying that like two or
three times untill He got response Back from captain
Pope who said "where are you? what room?"

6) The captain and other officers were Standing
in the middle of the dayroom, Infront of my door when
they walked Down there

7/ Next thing I know Garrison got sprayed along with 2-2 all the others when He really was only trying to seek medical attention and Help.

8/ I ask that you take my declaration for the truth and go back and look at any video footage, If there is any, It will show that Garrison was in compliance the whole time

I Declare under penalty
of perjury that the following
Statement is true and correct

(s) ~~~~~

Date 9-26-21

mercedes Castro, Hansel
charlotte CI
33123 oil well
road
Punta Gorda Fla 33955

ZEBELEDE GARRISON B12646
CHARLOTTE CORRECTIONAL INSTITUTION
33123 OIL WELL ROAD
PUNTA GORDA FL, 33955



Ft Myers P&DC 339
WED 29 SEP 2021 PM

RECEIVED   OCT 01 2021

U.S. DISTRICT COURT
1 NORTH PALA FOX STREET
PENSACOLA, FL 32502

